Exhibit "A"

RECEIVED / FILED
Superior Court of New Jersey

NOV 21 2016

CIVIL CASE MANAGEMENT
UNION COUNTY

SARAH JOHNSON CARTER, ESQUIRE
NJ IDENTIFICATION NO. 004842012
JAFFE & HOUGH
TWO PENN CENTER PLAZA, SUITE 1907
15TH & JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PENNSYLVANIA 19102
(215) 564-5200

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| ULEGBEK ABDUHALIKOV | : SUPERIOR COURT OF NEW JERSEY<br>: UNION COUNTY |
| v. | : LAW DIVISION |
| JEFFREY S. TAYLOR | : DOCKET UNN-L- 3820 - 16 |
| and | : CIVIL ACTION COMPLAINT<br>: AND DEMAND FOR JURY TRIAL |
| GSM LOGISTICS, INC. | : |

Plaintiff is ULEGBEK ABDUHALIKOV, an adult individual residing at 1865 Welsh Road, Apartment D-5 in Philadelphia, Pennsylvania, 19115. Plaintiff, by way of Complaint against Defendants, says:

1. On or about November 21, 2014, at approximately 8:30 a.m., Plaintiff was lawfully occupying a tractor trailer which was parked at the Comfort Inn located at 1601 Martinsburg Pike in Winchester, Virginia 22603.

2. At or about this same time, Defendant JEFFREY S. TAYLOR, an adult individual residing at 349 Jouet Street in Roselle, New Jersey, 07203, was operating a tractor trailer traveling through the parking lot of the Comfort Inn located at 1601 Martinsburg Pike in Winchester, Virginia 22603.

3. At or about this same time, Defendant Taylor operated his vehicle in such a careless, and negligent manner that the said vehicle suddenly and without warning struck into and collided with Plaintiff's vehicle, causing Plaintiff to suffer serious and grievous bodily harm.

4. At all times material hereto, Defendant Taylor was an agent, servant, or employee of Defendant GSM LOGISTICS, INC., a corporation with a registered address of 44212

Mar 06 2017 02:43PM HP Fax 7036626   3                page 2

~~Mossy Brook Square in Ashburn, Virginia, 20147, and was acting within the course and~~ scope of his agency, service, or employment.

5. At all times material hereto, the motor vehicle operated by Defendant Taylor was owned or leased by Defendant GSM Logistics, Inc.

6. Defendant GSM Logistics, Inc. is vicariously liable for the negligence of Defendant Taylor.

7. The motor vehicle operated by Defendant Taylor and owned or leased by Defendant GSM Logistics, Inc. was a commercial vehicle.

8. At all times material hereto, Plaintiff was deemed to have "zero threshold" due to statutory exception.

9. As a direct and proximate result of the negligence of Defendants as aforesaid, Plaintiff was caused to sustain severe personal and permanent injuries, has suffered and will in the future suffer much pain in mind and body, has incurred and in the future will incur much expense for medical care and treatment, including liens asserted by his personal PIP carrier and/or his private health insurance providers including Medicare and/or Medicaid and/or DHS and/or its Administrators in excess of any applicable threshold and excess medical bills that were not recoverable from any health insurer and are still outstanding, has suffered wage losses and an impairment of his future earning capacity, and has been prevented and will in the future be prevented from attending to his normal business and activity, for which damages Plaintiff herein makes claim.

10. As a direct and proximate result of the negligence of Defendants as aforesaid, Plaintiff's motor vehicle was damaged, for which sum of value, towing, parts, labor, repairs, storage, deductible, loss of use, rental, unreimbursed expenses, interest, and additional losses Plaintiff herein makes claim.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, along with interest and costs of suit.

03/06/2017 14:46                No.: R964 L1                P.002/009

JAFFE & HOUGH

By _____
SARAH JOHNSON CARTER, ESQUIRE
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury of six (6) members on all issues contained herein.

JAFFE & HOUGH

DATED: 11·21·16

BY: _____
SARAH JOHNSON CARTER, ESQUIRE
Attorney for Plaintiff

## TRIAL ATTORNEY DESIGNATION

Pursuant to R. 4:5-1, Sarah Johnson Carter, Esquire is hereby designated as trial attorney.

JAFFE & HOUGH

BY: _____
SARAH JOHNSON CARTER, ESQUIRE
Attorney for Plaintiff

## CERTIFICATION PURSUANT TO RULE 4:5-1

Sarah Johnson Carter, Esquire, of the law firm of Jaffe and Hough hereby certifies as follows:

1. To counsel's knowledge, the matter in controversy is not the subject of any pending or contemplated actions in any Court or Arbitration Proceeding.

2. Counsel undersigned knows of no other individual or entity which should be joined to this action at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

JAFFE & HOUGH

BY: _____
SARAH JOHNSON CARTER, ESQUIRE
Attorney for Plaintiff

# SUMMONS

| | |
|---|---|
| Attorney(s) Jay L. Edelstein, Esquire | **Superior Court of New Jersey** |
| Office Address 230 S. Broad Street, Suite 900 | |
| Town, State, Zip Code Philadelphia, PA 19102 | Union ☒ COUNTY |
| Telephone Number (215) 893-9311 | DIVISION |
| Attorney(s) for Plaintiff Jay L. Edelstein, Esquire | |
| Ulegbek Abduhalikov | Docket No: UNN-L3820-16 |
| Plaintiff(s) | |
| vs. | **CIVIL ACTION** |
| Jeffrey S. Taylor and GSM Logistics, Inc. | **SUMMONS** |
| Defendant(s) | |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at
http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: 03/01/2017

Name of Defendant to Be Served: GSM Logistics, Inc.

Address of Defendant to Be Served: 44212 Mossy Brook Square, Ashburn, VA 20147

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

## CERTIFICATION REGARDING FILING AND SERVICE

I certify that a copy of the within pleading upon approval by the Court will be served upon opposing counsel.

JAFFE & HOUGH

BY: _____
SARAH JOHNSON CARTER, ESQUIRE
Attorney for Plaintiff



# EDELSTEIN LAW, LLP

ATTORNEYS AND COUNSELORS AT LAW

JAY L. EDELSTEIN*
JEdelstein@Edelsteinlaw.com

KELLY L. CZAJKA*
KCzajka@Edelsteinlaw.com

230 S. BROAD STREET
SUITE 900
PHILADELPHIA, PA 19102
(215) 893-9311
FAX (215) 893-9310
NEW JERSEY 856-809-3150
WWW.EDELSTEINLAW.COM

CHRISTOPHER A. VEARA**
CVeara@Edelsteinlaw.com

CHRISTOPHER N. LEEDS*
CLeeds@Edelsteinlaw.com

* MEMBER OF PA & NJ BAR
** MEMBER OF PA NJ & HA BAR



Our File No.: 125.203

March 1, 2017

GSM Logistics, Inc.
44212 Mossy Brook Square
Ashburn, VA 20147

Re: **Ulegbek Abduhalikov v. Jeffrey S. Taylor and GSM Logistics, Inc.**
     **Superior Court of NJ, Union County, No.: UNN-L-3820-16**

Dear Sir/Madam:

Enclosed please find a Civil Action Summons and Complaint, which has been filed against you in the Superior Court of New Jersey. You should contact your insurance company and/or attorney and advise them that you are a Defendant in the above matter.

Please be advised you have twenty (20) days to comply with the Civil Action Complaint. If you fail to comply with the complaint a judgment may be entered against you.

Very truly yours,

JAY L. EDELSTEIN

JLE/jl
Enclosures
Return Receipt No.: 70150640000329752751

### Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed

| | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Sarah Johnson Carter | (215) 564-5200 | Union |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Jaffe & Hough | UNN-L-3820-16 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 1500 JFK Blvd., Suite 1907 Philadelphia, PA 19102 | Complaint |
| | JURY DEMAND ☒ Yes ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Ulegbek Abduhalikov, Plaintiff | Abduhalikov v. Taylor, et al. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|---|
| 603N | ☐ YES ☒ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) Progressive | ☐ NONE ☐ UNKNOWN |
|---|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes ☒ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☐ OTHER (explain) |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ Yes ☒ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

Statute of Limitations runs today, November 21, 2016

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _(signature)_

EXHIBIT "B"




ACMS Public Access: Case Document List

 Page: 1

**END OF LIST**

```
VENUE      : UNION        COURT : LAW CVL    DOCKET #: L  003820  16
CASE TITLE : ABDUHALIKOV  VS TAYLOR ET AL
```

| SEL | DATE FILED | | | DOC NUM | DOCUMENT TYPE | NON CONF | FILING/TARGET PARTY NAME | ATTORNEY NAME | MUL PTY | DOC STA |
|---|---|---|---|---|---|---|---|---|---|---|
| ○ | 11 | 21 | 2016 | 001 | COMP JRY DEMAND | | ABDUHALIKOV | EDELSTEIN LA | N | |
| ○ | 03 | 13 | 2017 | 003 | MISC SUB ATTY | | ABDUHALIKOV | EDELSTEIN LA | N | |
| ○ | 03 | 17 | 2017 | 004 | AFFDVT SRV | | TAYLOR | ATTY REQUIRE | N | |
| ○ | 04 | 17 | 2017 | 005 | PRF SERVC | | GSM LOGISTIC | ATTY REQUIRE | N | |

Screen ID:CVM1023 Copyrighted © 2012 - New Jersey Judiciary
Session ID: 6EPUTZ Case Count: 1
BUILD 2015.6.0.02.10 Timer Count down: 259

EXHIBIT "C"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Newark Vicinage)

| | |
|---|---|
| ULEGBEK ABDUHALIKOV,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY S. TAYLOR; and GSM LOGISTICS, INC.,<br><br>Defendants. | Civil Action No.: |

## ANSWER AND SEPARATE DEFENSES, OF DEFENDANTS, JEFFREY S. TAYLOR AND GSM LOGISTICS, INC.

Defendants, Jeffrey S. Taylor and/or GSM Logistics, Inc. (hereinafter referred to as "Defendants" or "GSM"), by way of Answer to the plaintiff's, Ulegbek Abduhalikov ("Mr. Abduhalikov" or "Plaintiff"), Complaint hereby responds and says:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3. Denied.

4. Admitted.

5. Admitted.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

9. Denied.

10. Denied.

**WHEREFORE** Defendants, Jeffrey S. Taylor and/or GSM Logistics, Inc., hereby demands dismissal of the Complaint with prejudice, and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## SEPARATE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted, and Defendants reserve the right to move to dismiss.

2. Plaintiff's claims as against Defendants, as referenced in the Complaint, are barred in whole or in part, by the doctrine of laches.

3. Plaintiff's claims as against Defendants, as referenced in the Complaint, are barred in whole or in part, by the doctrine of waiver.

4. Plaintiff has not joined all parties necessary for the adjudication of this action, and Defendants reserve the right to move to dismiss.

5. Plaintiff's claims as against Defendants, as referenced in the Complaint, are barred in whole or in part, by the doctrine of accord and satisfaction.

6. Plaintiff's claims as against Defendants, as referenced in the Complaint, are barred in whole or in part, by the doctrine of estoppel.

7. Plaintiff's claims as against Defendants, as referenced in the Complaint, are barred in whole or in part, by the doctrine of unclean hands.

8. Defendants were not negligent.

9. Defendants performed each and every duty owed to the Plaintiff, if any.

10. Recovery is barred or precluded by Plaintiff's own negligence.

11. Plaintiff's claims are barred, limited or diminished and reduced by the doctrine of comparative negligence under the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq.*

12. Plaintiff's claims are barred, limited or diminished and reduced by Virginia's Contributory Negligence Statute, VA CODE §8.01-58.

13. Plaintiff's claims are barred, limited or diminished and reduced by New Jersey's Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1, *et seq.*

14. Plaintiff's claims are barred, limited or diminished and reduced by Virginia's Joint Tortfeasor Contribution Act, VA CODE §8.01-34, *et seq.*

15. Defendants deny proximate cause.

16. At the time and place set forth in Plaintiff's Complaint, the Plaintiff assumed the risk of the conduct in which they were engaging and, accordingly, this action is barred.

17. Defendants deny any claim for strict liability, if any.

18. Defendants deny any claim for compensatory and/or punitive damages.

19. Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations.

20. Any and all injuries or damages alleged to have been suffered by the Plaintiff were caused solely by the negligence of independent third parties over whom the Defendants exerted no control.

21. Plaintiff's claims were caused, in whole or in part, by his failure to make proper use of their vehicle's safety devices, including, but not limited to, a seatbelt.

22. Plaintiff's claims are barred, in whole or in part, by New Jersey's Collateral Source Rule. *See* N.J.S.A. 2A:15-97.

23. Plaintiff's claims are barred, in whole or in part, by Virginia's Collateral Source Rule. *See* VA CODE §8.01-35..

24. Recovery is barred, precluded or diminished by Plaintiff's failure to mitigate damages.

25. This case is barred, in whole or in part, by the doctrine of avoidable consequences.

26. This case is barred, in whole or in part, by the entire controversy doctrine.

27. This case is barred, in whole or in part, by the doctrine of *res judicata*.

28. This case is barred, in whole or in part, by the doctrine of joint enterprise.

29. This case is barred, in whole or in part, because Plaintiff lacks standing.

30. This case is barred, in whole or in part, because the dispute is moot.

31. This case is barred, in whole or in part, by lack of jurisdiction.

32. The Summons, or service thereof, is defective and Defendants reserve the right to move to quash service of process of dismiss the Complaint.

33. This case is barred because of Plaintiff's failure to join an indispensable party without whom this action cannot proceed.

34. This action is barred because of insufficiency of process.

35. Plaintiff's claims are barred in whole, or in part, by any and all applicable federal and state statutes and regulations pertaining to interstate commerce, trucking and special hauling permits.

36. Plaintiff's claim is barred in whole, or in part, by F.R.C.P. 11 (b), and, as presented, is frivolous, improper, intended to harass, is unwarranted, baseless and is lacking in evidentiary support, and as a result, Defendants are entitled to sanctions.

## **DEMAND FOR JURY TRIAL**

Defendants, Jeffrey S. Taylor and/or GSM Logistics, Inc., hereby demands a trial by jury as to all issues.

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other pending action. I know of no other parties to be joined at this time other than those named herein.

I am aware that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

CIPRIANI & WERNER, P.C.

*/s/ Marc R. Jones*

MARC R. JONES, ESQUIRE (NJ#016022001)
Attorneys for Defendants – Jeffrey S. Taylor and GSM Logistics, Inc.
155 Gaither Drive – Suite B
Mount Laurel, NJ 08054
856-761-3800
mjones@c-wlaw.com

DATED:   April 27, 2017

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Newark Vicinage)

| | |
|---|---|
| ULEGBEK ABDUHALIKOV, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY S. TAYLOR; and GSM LOGISTICS, INC., <br><br> Defendants. | Civil Action No.: |

## CERTIFICATION OF FILING AND SERVICE OF ANSWER AND SEPARATE DEFENSES ON BEHALF OF DEFENDANTS, JEFFREY S. TAYLOR AND GSM LOGISTICS, INC.

The undersigned hereby certifies and confirms that the Answer and Separate Defenses on behalf of the defendants, Jeffrey S. Taylor and GSM Logistics, Inc., was e-filed with the United States District Court of New Jersey on _____ and that a hard copy was also sent to counsel for Plaintiff via Priority Mail at the following address:

Jay L. Edelstein, Esquire
Edelstein Law, LLP
230 S. Broad Street – Suite 900
Philadelphia, PA 19102
jedelstein@edelsteinlaw.com
**Attorneys for Plaintiff – Ulegbek Abduhalikov**


I am aware that the foregoing statements made by me are true.

I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**CIPRIANI & WERNER, P.C.**

*/s/ Marc R. Jones*

---

MARC R. JONES, ESQUIRE (NJ#016022001)
Attorneys for Defendants – Jeffrey S. Taylor and GSM Logistics, Inc.
155 Gaither Drive – Suite B
Mount Laurel, NJ 08054
856-761-3800
mjones@c-wlaw.com

DATED:     April 27, 2017

7